Withers, J.
delivered the opinion of the Court.
The motion, in this case, was for a non-suit, and was founded on the ground that the allegata et probata did not correspond; insomuch that one of the three notes, upon which the action was brought, should be excluded as not proved, because the one produced had a date, whereas the date was omitted in the copy. In no other particular was there any variation. The Judge granted leave to amend, after the plaintiff’s testimony was closed and the motion was made for non-suit, but subjected the plaintiff to a continuance.
We look upon the omission to copy the date of the note, in this case, as a mere clerical mistake. If the note had been set forth, at large, in the body of the process, except that, *176 as to the date, it was written as on the-day of —, 18 — , and there had been a special demurrer, or exception had been taken in any other form, it is supposed there could have been no well founded objection to a motion to amend. . The motion, in this case, can scarcely be said to be more meritorious than that just supposed. In cases of mere clerical mistake, in a matter not touching the material elements of the cause of action, the power to grant leave to amend, especially in the sum. pro. jurisdiction, should be rather liberally exercised in the promotion of clear right — taking care not to work surprise to defendant, on the one hand, nor to patronize a loose negligence by plaintiff’s attorney, on the other. That safe middle course, which shall enable the Circuit Judge to steer clear of both these consequences, and yet promote justice, is not very easy to be designated in individual cases — it is, perhaps, not capable of being defined as a general rule.
The view we have taken of this case relieves us from the inducement to discuss some general rules of law that have been referred to in the argument — we do not mean to weaken them, in any degree, by the present judgment.— That which visits a non conformity between proof and allegation with non-suit, is 'not obviously applicable here — for the case really was (allowing the allegata to include copies of the notes endorsed on the process,) that the proof corresponded altogether with the note copied, and brought in question, so far as every essential particular of it was concerned. Certainly, in this case, a date was not essential as to the rights of either party. It is not meant to be affirmed, that a case may not be conceived wherein a date would become an essential feature.
Our judgment, therefore, being that the power exercised, in this case, was both lawful and discreetly applied in the instance, we are led to the conclusion that the motion be dismissed ; and it is ordered accordingly.
Richardson, J. — O’Neall, J. — Ward law, J. and Frost, J. — concurred.

Motion refused.